**CHEUNG CHAN and 18 other Chinese Crewmen, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

Nos. 744–752, 875, 909–915, 932, 933, Dockets 34087, 34182, 34188, 34189, 34476, 34522, 34523, 34630, 34631, 34804, 34912–34916, 34951, 35039, 35146, 34952.

United States Court of Appeals, Second Circuit.

Submitted April 10, 1970.

Decided Sept. 14, 1970.

Jules E. Coven, Abraham Lebenkoff, Martin Greenberg, Lebenkoff & Coven, New York City, for petitioners.

T. Gorman Reilly, Asst U. S. Atty., Stanley H. Wallenstein, Gen. Atty., INS, Whitney North Seymour, Jr., U. S. Atty., for respondent.

Before WATERMAN, FRIENDLY and ANDERSON, Circuit Judges.

**Allison BUTLER, Plaintiff-Appellant,**

v.

**SOUTHERN PACIFIC COMPANY, Defendant-Appellee.**

No. 28965.

United States Court of Appeals, Fifth Circuit.

Aug. 27, 1970.

Rehearing Denied Oct. 26, 1970.

W. M. Stephenson, New Orleans, La., Joseph E. Defley, Port Sulphur, La., for plaintiff-appellant.

Harry McCall, Jr., Chaffe, McCall, Phillips, Burke, Toler & Sarpy, New Orleans, La., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and GEWIN and THORNBERRY, Circuit Judges.

**THORNBERRY, Circuit Judge:**

This is an appeal from a judgment in a Louisiana diversity action to recover damages for injuries suffered by appellant Butler while unloading plywood from a freight car operated by appellee Southern Pacific Company. The jury in the district court found that Southern Pacific was negligent but was relieved of its negligence because of the intervening negligence of Butler's employer, United States Plywood Corporation. The district court rendered judgment for the defendant. We remand the case for a new trial because of error in the exclusion of evidence.

In 1962 U.S. Plywood engaged Southern Pacific to transport a quantity of plywood from Samoa, California to New Orleans, Louisiana. While en route the boxcar containing the plywood was derailed in Tesnus, Texas. The plywood was taken to San Antonio, where it was reloaded by Southern Pacific. Although most of the plywood was stacked horizontally in the boxcar, two stacks were loaded vertically, purportedly to tighten the load by filling an empty space. The vertical filler stacks were placed side by side across the boxcar and strapped together near the top by a single band. After loading was completed the boxcar was dispatched on its southern journey, and, after partial unloading in Shreveport, Louisiana, it was delivered to U.S. Plywood in New Orleans for total unloading. Pursuant to the unloading task, Mr. Allison Butler and other U.S. Plywood employees removed several horizontal bundles that lay adjacent to the vertical stacks. Soon thereafter the boxcar was rocked by movement of a heavily loaded dolly across a steel bridge from the car into the warehouse, and the vertical stacks toppled, pinning Butler from the waist down. The jury in the district court found that Southern Pacific was negligent in vertically stacking the plywood but failed to find proximate cause because it found that the conduct of the unloaders was an intervening cause of the incident. In addition, the jury found Butler contributorily negligent.

This appeal raises three points. Appellant contends that the court erroneously excluded certain evidence he offered, that the manner in which the trial judge questioned one of his rebuttal witnesses was so prejudicial to appellant that he was deprived of a fair trial, and that the trial judge erred in his charge to the jury with respect to intervening cause. Since we agree with appellant's first argument and find the court's exclusion of evidence serious enough to necessitate a new trial, we do not reach appellant's other two points.

One of the items that appellant sought to introduce into evidence was a report by the Specialized Operations Department of Southern Pacific entitled "How to Load Plywood in Closed Cars." Appellant sought to show by this report, which tended to indicate that plywood should be stacked horizontally, that appellee was aware of proper procedures for loading the material and thus was negligent in inserting a vertical filler stack when it reloaded the shipment. In addition, the report could well have been of probative value to appellant in regard to the reasonableness of the unloaders' conduct, since it might have established that they were correct in believing that the vertical stacks would be secured to the sides of the boxcar and thus would not fall when the horizontal stacks were removed. The trial judge excluded the report after a long distance telephone call indicated it was published subsequent to the incident. We hold that this exclusion was error and that it necessitates a new trial.

█ The admissibility of evidence in federal courts is governed by Rule 43(a), Fed.R.Civ.P., which states in part as follows:

All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. In any case, the statute or rule which favors the reception of the evidence governs and the evidence shall be presented according to the most convenient method prescribed in any of the statutes or rules to which reference is herein made.

Under Rule 43, then, there are three possible sources of authority for admissibility: Federal statutes, decisions of the original federal courts sitting in equity, and state laws. We are required, after examining the sources, to use the most liberal rule dealing with the subject offered. In this case we find that the evidence sought to be introduced was admissible under the second standard as an admission of Southern Pacific.

█ We begin consideration of the question of admissibility with the proposition that "[t]he Federal Rules and practice favor admission of evidence rather than exclusion if the proferred evidence has any probative value at all." Aluminum Co. of America v. Sperry Products Inc., 6th Cir. 1960, 285 F.2d 911. Moreover, doubts "must be resolved in favor of admissibility." Erie R. Co. v. Lade, 6th Cir. 1954, 209 F.2d 948, 951. This Court has also liberally construed Rule 43. In Monarch Ins. Co. of Ohio v. Spach,[1] 5th Cir. 1960, 281 F.2d 401, we held, *inter alia*, that no case support need be found to justify admissibility in a situation in which the evidence surely must have been admissible in equity. We further stated, "[The rule] defines the three standards of admissibility. But it does not purport to prohibit the admission of other relevant material probative evidence which, in

---

[1]. Barron and Holtzoff urge that the Spach case "deserves to be followed." 2B Barron and Holtzoff, § 962, p. 218. This Court has reinforced *Spach* in Dallas County v. Commercial Union Assurance Co., 5th Cir. 1961, 286 F.2d 388, and in Hambrice v. F. W. Woolworth Co., 5th Cir. 1961, 290 F.2d 557.

the considered exercise of judicial wisdom, is trustworthy. * * * [I]n today's litigation with its endless complexities many of which are an outgrowth of our scientific age we would hardly think that a court instituted with all of the power the organic constitution could invest in it would have to stand helpless in the face of a new situation." In Dallas County v. Commercial Union Assur. Co., 5th Cir. 1961, 286 F.2d 388, this Court, reinforcing *Spach*, held that evidence that is necessary to a proper consideration of the case and that exhibits an intrinsic probability of trustworthiness ought to be admissible under the liberal federal practice even though within no recognized exception to the hearsay rule. In the case at bar the necessity for the evidence is clear. The report, which was published by appellee, purportedly presents the proper method of loading plywood in closed boxcars. Consequently, the report is of probative value to appellant in his effort to establish not only that appellee was negligent in vertically stacking the plywood but also that appellant and others who unloaded the boxcar were not negligent in their unloading operations. The information in the report, then, goes to the heart of the case. As to trustworthiness, the report was the result of over 1700 tests of loading patterns conducted by appellee in cooperation with other shippers and manufacturers in the plywood industry. Southern Pacific, of course, has a direct financial interest in furnishing to its employees accurate information concerning proper methods of loading items it carries. Consequently, the existence of inaccurate statements in the report is unlikely. We think, therefore, that the above two tests are satisfied in the case at bar. Aside from this consideration, however, there is yet another reason that compels admission of this report: We find it constitutes a classic admission of the appellee, Southern Pacific.

■ To be received in evidence an admission (a) must be made directly or indirectly by a party to the action and (b) must be contrary to that party's position at the time of the trial. *See* C. McCormick, Evidence § 281 (1954); 4 J. Wigmore, Evidence § 1048 (1940); Hetland, Admissions in the Uniform Rules: Are They Necessary?, 46 Iowa L.Rev. 307, 309 (1961). The report in question was developed by Southern Pacific in cooperation with the American Plywood Association and a number of manufacturers and shippers in the plywood industry. Since the report was prepared and published by the appellee itself, it obviously satisfies criteria (a). During the course of the litigation Southern Pacific maintained the position that it had little experience in or knowledge of loading plywood. Yet the same company has authored a report that purports, first, to detail the nature and cause of damage experienced in plywood shipments in which improper packaging and/or loading practices were followed and, secondly, to outline proper packaging, car preparation, and loading procedures to be followed in order to minimize damage or effect damage-free deliveries. The report, which demonstrates an apparent expertise in loading on the part of appellee, thus clearly conflicts with the position taken by appellee in the litigation.

We note that the document in question was apparently prepared after the accident. Both the nature of the report and the circumstances surrounding its compilation, however, evidence that it was not contrived by appellee for use in this litigation. We thus think that the report, clearly an admission, ought to be admitted for the jury to determine whether the procedures and practices detailed in the document were correct and applicable at the time of the accident.[2] Its exclusion by the district court necessitates a new trial.

Reversed and remanded.

2. *See also* Doss v. Apache Powder Co., 5th Cir., 1970, 430 F.2d 1317, wherein we held that a safety manual was properly admitted to show long-standing common knowledge in the industry.