UNITED STATES of America,
Plaintiff, Appellee,

v.

Robert S. PALOW,
Defendant, Appellant.

UNITED STATES of America,
Plaintiff, Appellee,

v.

Paul C. ALVARADO,
Defendant, Appellant.

Nos. 84–1601, 84–1602.

United States Court of Appeals,
First Circuit.

Argued Aug. 6, 1985.

Decided Nov. 14, 1985.

Francis C. Newton, III, Arlington, Mass., on brief for Robert S. Palow.

Michael R. Pizziferri, Boston, Mass., on brief for Paul C. Alvarado.

Gary Katzmann, Asst. U.S. Atty., with whom William F. Weld, U.S. Atty., and Joseph F. Savage, Jr., Asst. U.S. Atty., Boston, Mass., were on brief for the U.S.

Before CAMPBELL, Chief Judge, BOWNES and TORRUELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

Following their joint jury trial, appellants Robert S. Palow and Paul C. Alvarado were convicted of conspiracy and possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. Alvarado received a term of imprisonment of five years and a five-year special parole term. Palow was sentenced to a two-year term of imprisonment and a special parole term of two years. Appellants challenge their convictions on several grounds. We find that none of these grounds warrants reversal and thus affirm the district court.

I. Appellant Palow

■ 1. Palow first argues that the district court erred in not severing his trial from that of co-defendant Paul C. Alvarado. As Palow did not move for severance below, we may entertain his argument only insofar as he is able to demonstrate that the district court committed plain error in failing to sever *sua sponte*. *See United States v. Barbosa*, 666 F.2d 704, 707 (1st Cir.1981). Palow argues that he is entitled to a more liberal standard of review on the grounds that, because the district court denied severance motions made by his two co-defendants, it would have been futile for him to move for severance below. We disagree.

■ Prejudice is key to any severance argument, and therefore one defendant's argument for severance is not necessarily transferable to a co-defendant. *See United States v. Flick*, 516 F.2d 489, 494–95 (7th Cir.), *cert. denied*, 423 U.S. 931, 96 S.Ct. 282, 46 L.Ed.2d 260 (1975). In a multi-defendant case, some defendants might favor joinder while other defendants

oppose it, and of the latter each defendant is likely to advance unique arguments why joinder is prejudicial as to him.

Since Palow failed to show plain error stemming from the joint trial, we find his severance claim to be without merit.

■ 2. Appellant next contends that the district court erred in not excluding on due process grounds the testimony of an informant paid on a contingent basis according to the quantity and quality of drugs seized. Again we disagree.

Courts have generally allowed paid informants to testify as long as the agreements are not contingent upon the *conviction of particular persons*. *See, e.g., United States v. Walker*, 720 F.2d 1527, 1539–40 (11th Cir.1983), *cert. denied, Gustin v. United States*, 465 U.S. 1108, 104 S.Ct. 1614, 80 L.Ed.2d 143 (1984) (informant's testimony admissible because reward was not dependent upon making a case against particular persons specified in advance); *United States v. Gray*, 626 F.2d 494, 499 (5th Cir.1980), *cert. denied*, 449 U.S. 1091, 101 S.Ct. 887, 66 L.Ed.2d 820 (1981) (same). *Cf. United States v. Dailey*, 759 F.2d 192, 201 n. 9 (1st Cir.1985) (". . . [B]enefits made contingent upon subsequent indictments or convictions skate very close to, if indeed they do not cross, the limits imposed by the due process clause."). The record shows that the convictions had nothing to do with the contingent agreement at issue. Accordingly, we see no reason here to exclude on due process grounds the informant's testimony.

3. Appellant Palow's last claim of error refers to the trial court's instructions on the issue of entrapment. A government witness testified as to statements appellant had made regarding future transactions involving cocaine. Palow claims that the district court should have instructed the jury to disregard these statements in assessing appellant's pre-disposition to commit offenses. This claim lacks merit.

■ A defendant's statements concerning future narcotics transactions are relevant to establish his predisposition to commit crimes for which the entrapment

defense is asserted. *See, e.g., United States v. Jenkins,* 480 F.2d 1198, 1200 (5th Cir.1973) (per curiam). As noted in *United States v. Parsi,* 674 F.2d 126 (1st Cir.1982), however, "an entrapped defendant will always be willing and ready to commit the offense after the inducement and immediately before the crime's commission." *Id.* at 128. Thus, the factfinder's focus in assessing predisposition should be on the defendant's state of mind prior to the inducement. *See Kadis v. United States,* 373 F.2d 370, 373–74 (1st Cir.1967). The court here instructed the jury to focus on Palow's state of mind prior to the inducement. Consequently, we see nothing wrong with the court's refusal to instruct the jury not to consider appellant's statements regarding future cocaine deals.

In view of the foregoing, Palow's conviction should stand.

## II. Appellant Alvarado

1. Alvarado first argues that the district court erred in denying a severance motion under Fed.R.Crim.P. 14 because the testimony of codefendants Robert S. Palow and Evelyn Pérez directly implicated Alvarado in the crimes charged.

 The trial court's denial of severance under Fed.R.Crim.P. 14 may be reviewed only for abuse of discretion. *United States v. Arruda, supra,* 715 F.2d at 679. The record shows that the court did not abuse its discretion in the instant case.

 First, severance is not required when the joinder has resulted in the admission of evidence that would have been ad-missible in a separate trial. *United States v. McPartlin,* 595 F.2d 1321, 1334 (7th Cir.), *cert. denied,* 444 U.S. 833, 100 S.Ct. 65, 62 L.Ed.2d 43 (1979); *United States v. Gorham,* 523 F.2d 1088, 1092 (D.C.Cir. 1975). If Alvarado's case had been severed, the testimony of Palow would have been available to the government at the severed trial. Thus, Alvarado cannot complain, on the basis of the codefendant's testimony, that the district court improperly denied severance.

 Second, even if it were assumed that neither Pérez nor Palow would have testified at a separate trial, the record shows that there was independent evidence presented by the government to link Alvarado with the commission of the offenses. Although both Pérez and Palow implicated Alvarado, their testimony was basically cumulative, buttressing the government's case against appellant. Cumulative evidence in the form of a codefendant's testimony does not amount to prejudice justifying severance. *United States v. Brady,* 579 F.2d 1121, 1128 (9th Cir.1978); *United States v. Walton,* 552 F.2d 1354, 1362 (10th Cir.), *cert. denied,* 431 U.S. 959, 97 S.Ct. 2685, 53 L.Ed.2d 277 (1977). Accordingly, we cannot say that the joint trial here constituted an abuse of discretion justifying reversal.[1]

Finally, the district court took care in minimizing prejudice to Alvarado during trial. In addition, appellant was able to cross-examine the co-defendants thoroughly. *See United States v. Swanson,* 572 F.2d 523, 529 (5th Cir.), *cert. denied,* 439

---

**1.** Appellant argues that his claim is buttressed by *United States v. Johnson,* 478 F.2d 1129 (5th Cir.1973). In *Johnson,* a prosecution for passing counterfeit Federal Reserve Notes, the appellant had denied having been present when the crime charged was committed. A codefendant, however, had testified that the appellant was with him on the night of the offense. Another witness had stated that he believed that the appellant had been present even though it was dark and he had neither met nor talked to Johnson for any length of time prior to the transaction at issue. The Fifth Circuit found that the district court had abused its discretion in denying severance because the guilt or inno-cence of the appellant depended on the absence of convincing identification testimony, *id.* at 1132, and under the circumstances the codefendant had been the government's best witness against Johnson. Here, by contrast, appellant's participation in the incident from which charges arose is undisputed. Thus, even if we were to adopt *Johnson* it would be inapposite to the facts of this case. *Accord United States v. Brady, supra,* 579 F.2d at 1128. (severance properly denied on the basis of testimony by codefendant when, *inter alia,* appellant's participation in incident from which charges arose was undisputed).

U.S. 849, 99 S.Ct. 152, 58 L.Ed.2d 152 (1978); *United States v. Walton, supra,* 552 F.2d at 1362. Thus, whatever harm accrued to Alvarado was the legitimate incrimination that the evidence produced.

In short, it appears that Alvarado suffered no more prejudice "than that which necessarily inheres whenever multiple defendants or multiple charges are jointly tried." *United States v. Greenleaf,* 692 F.2d 182, 187 (1st Cir.1982), *cert. denied,* 460 U.S. 1069, 103 S.Ct. 1522, 75 L.Ed.2d 946 (1983), quoting *United States v. Adams,* 581 F.2d 193, 198 (9th Cir.1978). Therefore, we are not persuaded that the district court abused its discretion in denying Alvarado's motion to sever.

2. Appellant next argues that the district court erred in admitting prior statements of Alvarado through trial testimony by the co-defendants. The statements generally referred to appellant's planning and execution of the cocaine transaction. Alvarado argues that the statements at issue were inadmissible hearsay because they were not admitted through the testimony of government witnesses and, therefore, were not statements offered against him as required by Fed.R.Evid. 801(d)(2)(A). We disagree.

The requirement of Rule 801(d)(2)(A) that an admission be offered against a party is designed to exclude the introduction of self-serving statements by the party making them. *See* 4 Wigmore, *Evidence* § 1048, p. 5 (Chadbourn rev. 1972). Rule 801(d)(2)(A) simply requires that the admission at issue be contrary to a party's position at trial. *Butler v. Southern Pacific Co.,* 431 F.2d 77, 80 (5th Cir. 1970), *cert. denied,* 401 U.S. 975, 91 S.Ct. 1196, 28 L.Ed.2d 325 (1971). It does not matter that the admission has been introduced through the testimony of a co-defendant testifying on his own behalf. *United States v. Ramirez,* 710 F.2d 535, 547 (9th Cir.1983).

The record shows that the statements at issue were contrary to Alvarado's position during trial. Accordingly, they were properly admitted through codefendant's testimony as admissions against interest under Fed.R.Evid. 801(d)(2)(A).

3. Alvarado also objects to the admission against him of post-arrest statements by Palow and Pérez.

During trial, the district court admitted in evidence through the testimony of DEA agents (1) Palow's post-arrest statements that "he had set up the cocaine delivery" and that "he realized that he had a serious legal problem"; and (2) Pérez' post-arrest statement that "she had received the package [containing cocaine] ... seized from the trunk of her vehicle from an individual at 9:30 that morning, [and] that that individual had instructed her to return to her residence in Stoneham, to safeguard the package and to await there for further instructions relative to its delivery." The substance of Pérez' statement was also allowed in evidence during the direct examination of defendant Pérez. With respect to all three of these statements, the record reflects that Alvarado either objected to their admission outright, or requested that the judge give a limiting instruction that they were not to be used against him. The district court initially gave an instruction limiting the admissibility of the DEA agent's testimony to Palow and Pérez, although he gave no such instruction when Pérez testified.

Near the close of trial, the district judge informed counsel that he was going to lift whatever limitations he had placed on the admissibility of the statements made by the three co-conspirators, and would instruct the jury that all the evidence was admissible against all three defendants. At this point, Alvarado made an express reservation of his rights. The government argues that, in order to preserve this issue for appeal, Alvarado had to renew his objection the following day when the judge gave the jury the promised instruction. We rule that Alvarado's reservation was adequate.

It is clear that the statements were hearsay as to Alvarado and thus inadmissi-

ble as to him. Fed.R.Evid. 801(c), 802. Under Fed.R.Evid. 801(d)(2)(E), "a statement [made] by a co-conspirator of a party during the course and in furtherance of the conspiracy" is not hearsay. As the Advisory Committee Notes indicate, however,

> The limitation upon the admissibility of statements of co-conspirators to those made "during the course and in furtherance of the conspiracy" ... is consistent with the position of the Supreme Court in denying admissibility to statements made after the objectives of the conspiracy have either failed or been achieved. *Krulewitch v. United States,* 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790 (1949); *Wong Sun v. United States,* 371 U.S. 471, 490, 83 S.Ct. 407, [418] 9 L.Ed.2d 441 (1963).

Here, it is beyond doubt that the challenged post-arrest statements were not made in furtherance of the conspiracy. Therefore, insofar as the district court permitted them to be considered as evidence against Alvarado, it was in error. *See United States v. Muller,* 550 F.2d 1375, 1379 n. 3 (5th Cir.), *cert. denied,* 434 U.S. 971, 98 S.Ct. 522, 54 L.Ed.2d 460 (1977). In our view, however, these statements were merely cumulative of the mass of similar evidence which the government properly introduced against Alvarado, and their admission was harmless beyond a reasonable doubt. *See United States v. Smith,* 565 F.2d 292, 294 (4th Cir.1977).

Moreover, the statements at issue did not offend the confrontation clause. The admission of a co-defendant's post-conspiracy confession implicating the defendant constitutes reversible error if the co-defendant does not testify and, therefore, is not subject to cross-examination during trial. *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Here both Pérez and Palow testified and were cross-examined by counsel for Alvarado. Consequently, there was no constitutional infirmity in the admission of Palow's and Pérez' post-arrest statements incriminating Alvarado. *See California v. Green,* 399 U.S. 149, 158, 90 S.Ct. 1930, 1935, 26 L.Ed.2d 489 (1970).

4. Finally, appellant claims that he is entitled to a new trial because he was denied effective assistance of counsel.

To obtain a reversal on the basis of ineffective assistance of counsel a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the factfinder would have had a reasonable doubt respecting guilt. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984). Such is not the case here. The record shows overwhelming evidence clearly implicating appellant with the commission of the offenses charged. Thus, there is no reason to conclude that the jury would have had reasonable doubt regarding Alvarado's guilt had counsel acted differently in the instant case. Accordingly, Alvarado's conviction should stand.

*Affirmed.*