USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 94-1890 UNITED STATES OF AMERICA, Appellee, v. ARNALDO L. RULLAN-RIVERA, Defendant, Appellant.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________  ____________________ Cyr, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________  ____________________ Luis R. Rivera-Gonzalez, with whom Joseph C. Laws, Jr. was on _______________________ ___________________ brief for appellant. Jos A. Quiles Espinosa, Senior Litigation Counsel, with whom _______________________ Guillermo Gil, United States Attorney, and Warren V zquez, Assistant _____________ ______________ United States Attorney, were on brief for appellee.  ____________________ July 21, 1995  ____________________ CYR, Circuit Judge. Arnaldo L. Rullan-Rivera CYR, Circuit Judge. _______________ ("Rullan") appeals the judgment of conviction entered against him for possessing cocaine with intent to distribute. See 21 U.S.C. ___ 841(a)(1); 18 U.S.C. 2. As there was no reversible error, we affirm the district court judgment.  I I BACKGROUND BACKGROUND __________ The relevant facts are recounted in the light most favorable to the verdict. United States v. Tuesta-Toro, 29 F.3d _____________ ___________ 771, 773 (1st Cir. 1994), cert. denied, 115 S. Ct. 947 (1995). _____ ______ Appellant Rullan and Humberto Prada-Cordero ("Prada") enlisted Erasto Miranda-Rodriguez ("Miranda") to transport one kilogram of cocaine from Puerto Rico to the continental United States.1 On November 10, 1992, Prada, Miranda, Rullan and his wife went to the Luis Munoz Marin International Airport in Carolina, Puerto Rico, where Prada and Miranda were to board a flight to the mainland. After twice triggering the security checkpoint magne- tometer alarm, Miranda abandoned his handbag, passport and airline ticket, and fled the checkpoint area rather than risk disclosure of the cocaine concealed on his person. Shortly thereafter, Miranda surrendered to the police, became a cooperating witness for the government and implicated appellant Rullan, who was arrested and indicted for conspiring to possess cocaine with intent to distribute, see 21 U.S.C. 846, ___  ____________________ 1Rullan had supplied Miranda with small amounts of cocaine for personal use in years past. 2 and possessing cocaine with intent to distribute, see id.  ___ ___ 841(a)(1); 18 U.S.C. 2. Rullan filed a pretrial motion to compel disclosure of any prior "bad acts" evidence the government intended to introduce at trial. Although the motion was granted, the government disclosed no Rule 404(b) evidence.  At trial, the court ruled that no Rule 404(b) evidence was to be introduced. The prosecutor accordingly assured the court that Miranda had been instructed not to mention his previ- ous cocaine purchases from Rullan. See supra note 1. Neverthe- ___ _____ less, on the third day of trial, when the prosecutor asked Miranda whether he had "known Mr. Rullan in relation to [codefen- dant] Humberto Prada prior to [November 8, 1992]," Miranda blurted out: "No, I was totally surprised. Arnaldo Rullan sur- prised me because he was my drug dealer."  On the following day, codefendant Prada failed to appear for trial. The district court denied Rullan's motion for mistrial, and ordered that the joint trial proceed, with Prada in __ absentia. After the district court allowed a defense motion to ________ dismiss the conspiracy charge, both defendants were convicted on the substantive cocaine charge, and Rullan appealed.  II II DISCUSSION DISCUSSION __________ A. The Rule 404(b) Evidence A. The Rule 404(b) Evidence ________________________ The government does not dispute that Miranda's unex- pected reference to Rullan as his former drug dealer constituted prohibited "bad acts" evidence, but simply contends that a 3 mistrial was not necessary to cure any inadvertent harm. For present purposes, therefore, we assume that the challenged testimony violated the prohibition against Rule 404(b) evidence. A ruling denying a motion for mistrial is reviewed for manifest abuse of discretion, United States v. Romero-Carrion, _____________ ______________ No. 94-1792, slip op. at 4 (1st Cir. May 9, 1995); United States _____________ v. Pierro, 32 F.3d 611, 617 (1st Cir. 1994), cert. denied, 115 S. ______ _____ ______ Ct. 919 (1995), and will be upheld absent a clear showing of prejudice by the defendant-appellant. United States v. Hahn, 17 _____________ ____ F.3d 502, 508 (1st Cir. 1994) (citing United States v. Sclamo, ______________ ______ 578 F.2d 888, 891 (1st Cir. 1978)). Mistrial is a last resort, to be employed only if the demonstrated harm can be cured by no less drastic means, such as a contemporaneous jury instruction. United States v. Sepulveda, 15 F.3d 1161, 1184 (1st Cir. 1993), _____________ _________ cert. denied, 114 S. Ct. 2714 (1994).  _____ ______ Miranda testified in Spanish. The problematic portion of the testimony, see supra p. 3 ("[Rullan] was my drug dealer"), ___ _____ was never translated into English before Miranda was interrupted in mid-sentence by a defense objection. The official trial transcript of the exchange reads, in full: Q: Had you known Mr. Rullan in relation to Humberto Prada prior to that day? A: No, I was totally surprised. Arnold Rullan surprised me -- 4 The trial judge immediately ordered Miranda's response stricken from the record and contemporaneously directed the jury to disregard it.  It would be unrealistic, nonetheless, to suggest that the Puerto Rico jury did not hear and understand the entire response given by Miranda in Spanish. Be that as it may, the normal presumption that juries follow the court's instructions can be rebutted only on a sufficient showing that the offend- ing testimony reasonably could not have been ignored and that serious prejudice likely resulted. Id. at 1185. See also Greer ___ ___ ____ _____ v. Miller, 483 U.S. 756, 766 n.8 (1987) ("We normally presume ______ that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions.") (quoting Richardson v. Marsh, 481 __________ _____ U.S. 200, 208 (1987)). Although Rullan points out that a limit- ing instruction is not always sufficient to insulate against improper evidentiary prejudice, see, e.g., Bruton v. United ___ ____ ______ ______ States, 391 U.S. 123, 135 (1968), mistrial was not required in ______ the instant case.  There was strong evidentiary support for the jury verdict. Miranda testified that Rullan: (1) telephoned Miranda to arrange the first meeting at which the cocaine distribution scheme was discussed; (2) drove Prada to Miranda's apartment for their meetings; (3) relayed drug smuggling messages between Miranda and Prada; (4) removed cocaine from his own car and 5 carried it into Miranda's residence prior to their trip to the airport; (5) accompanied Miranda and Prada to the airport; and (6) discussed with Miranda and Prada their plans for investing the drug profits.  The overwhelming weight of the direct and circumstan- tial evidence, combined with the firm, contemporaneous instruc- tion, demonstrates to a "high probability" that the inadvertent introduction of the "bad acts" evidence did not contribute to the verdict. Therefore, the reference to prior drug dealings with Rullan was "harmless." United States v. Tejeda, 974 F.2d 210, ______________ ______ 215 (1st Cir. 1992) ("nonconstitutional evidentiary error under Rule 404(b) will be treated as harmless if it is `highly prob- able' that the error did not contribute to the verdict") (cita- tions omitted). B. Sufficiency of the Evidence B. Sufficiency of the Evidence ___________________________ Rullan could be convicted of aiding and abetting the possession of cocaine, with intent to distribute, see 21 U.S.C.  ___ 841(a)(1) and 18 U.S.C. 2, only if the government proved beyond a reasonable doubt that he "associated himself with the underly- ing venture, participated in it as something he wished to bring about, and sought by his actions to make it succeed." United ______ States v. Clifford, 979 F.2d 896, 899 (1st Cir. 1992) (citing Nye ______ ________ ___ & Nissen v. United States, 336 U.S. 613, 619 (1949)). We review ________ _____________ the evidence in the light most favorable to the government, indulging all reasonable inferences in its favor, with a view to 6 determining whether a rational jury could have found guilt beyond a reasonable doubt. Hahn, 17 F.3d at 506.  ____ Rullan contends that Miranda's trial testimony was not credible because Miranda had made contrary statements to the grand jury, and he was motivated by the expectation of a reduced sentence. We find this challenge unavailing, since Miranda was impeached, both with his prior inconsistent grand jury testimony and his plea agreement, and the credibility assessment was a matter for the trial jury. See Sepulveda, 15 F.3d at 1175; Hahn, ___ _________ ____ 17 F.3d at 506. Thus, there was ample credible evidence to establish Rullan's guilt beyond a reasonable doubt. See supra p. ___ _____ 5. C. Flight by Codefendant C. Flight by Codefendant _____________________ Following an evidentiary hearing, the district court found that Prada voluntarily absented himself from the final two days of trial. Rullan moved for a mistrial, claiming that his codefendant's flight might prompt a jury inference that both defendants were guilty. The district court directed that the trial proceed against both defendants. See Crosby v. United ___ ______ ______ States, U.S. , , 113 S. Ct. 748, 752-753 (1993); Fed. ______ ___ ___ ____ R. Crim. P. 43(b).  Rullan asserts three claims of error. First, he says, the district court mistakenly believed Rullan might avoid retrial on double jeopardy grounds if a mistrial were declared. Second, a limiting instruction could not prevent a jury inference that both defendants were guilty because Prada absconded during trial. 7 Third, the instruction given by the court was "over extensive in content" and prejudicial. We review the two latter claims for manifest abuse of discretion. Pierro, 32 F.3d at 617.  ______ First, Rullan correctly asserts that double jeopardy does not bar retrial where a mistrial is ordered at the request of the defendant. United States v. Scott, 437 U.S. 82, 93 _____________ _____ (1978); United States v. Aguilar-Aranceta, 957 F.2d 18, 21-22 _____________ ________________ (1st Cir.), cert. denied, 113 S. Ct. 105 (1992). The district _____ ______ court nonetheless correctly predicated its denial of Rullan's motion for mistrial on the ground that Prada's voluntary failure to appear, in and of itself, did not necessarily mean that the ___________ joint trial could not proceed with Prada in absentia. See _____ ____ _____ __ ________ ___ Crosby, 113 S. Ct. at 752 (treating voluntary failure to appear, ______ after trial begins, as waiver of right to be tried in person); Fed. R. Crim. P. 43(b).  On the other hand, treating the motion for mistrial as a de facto motion for severance by a non-absconding codefendant, __ _____ see Fed. R. Crim. P. 14, we review its denial under the "plain ___ error" standard, since severance was never broached before the district court. See United States v. Palow, 777 F.2d 52, 54 (1st ___ ______ ______ _____ Cir. 1985), cert. denied, 475 U.S. 1052 (1986). Viewed in this _____ ______ light, Rullan's motion rests exclusively on the conclusory assertion that the jury could have inferred that he was guilty because his codefendant absconded. We see no compelling rational ___________ force in the suggestion that Rullan, who did not flee, must have been tainted with the same brush as the absconding Prada.  8 Moreover, Rullan's conclusory claim runs counter to the longstanding presumption that jurors normally follow the instruc- tions given them by the trial court. See United States v. Olano, ___ ______ ______ _____ 113 S. Ct. 1770, 1781 (1993). The district court firmly in- structed the jury that Prada's disappearance was immaterial to the verdict on Rullan. The record further reflects that the jury understood. THE COURT: The absence of defendant Prada from trial is no way attributable [sic] to the other defendant on trial. And may not be considered by you in determining the guilt or innocence of defendant Rullan. You may use this only as to defendant Prada itself. [sic] Is that clear? Let the record show that the jury has assented.  We therefore reject the conclusory contention that no jury instruction could protect Rullan against an inference of guilt arising from his codefendant's voluntary flight. See ___ United States v. Phibbs, 999 F.2d 1053, 1067 (6th Cir. 1993) (any ______ ______ ______ adverse effect upon nonfleeing defendant neutralized by "a cautionary instruction that each defendant's case was to be considered separately and, further, that [codefendant's] flight could not be used as evidence against anyone but him"), cert. _____ denied, 114 S. Ct. 1071 (1994); cf. United States v. Wright, 932 ______ ___ ______ ______ ______ F.2d 868, 877 (10th Cir.) (upholding denial of severance, in part because trial court twice instructed jury that "it should not construe the absence of [codefendant] as evidence of guilt of 9 either [the defendant or the codefendant]"), cert. denied, 502 _____ ______ U.S. 972 (1991).2 III III CONCLUSION CONCLUSION __________ As there was no reversible error, the district court judgment is affirmed. ________  ____________________ 2Rullan also challenges, as too extensive and prejudicial, the very language he asked the district court to use in the jury instruction relating to Prada's disappearance. But even assuming the instruction had not been invited, the claim of error is groundless. There was no error in the instruction, let alone "plain error." See Palow, 777 F.2d at 54. ___ _____ Lastly, at oral argument Rullan withdrew his so-called "ineffective assistance of counsel" claim. See Sainz Gonzalez v. ___ ______________ Banco de Santander-Puerto Rico, 932 F.2d 999, 1000 n.1 (1st Cir. _______________________________ 1991); Bunol v. George Engine Co., 996 F.2d 67, 70 (5th Cir. _____ __________________ 1993). 10