USCA1 Opinion

 

 October 4, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1369 UNITED STATES, Appellee, v. ROBERT R. GIRARD, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Mary M. Lisi, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Kara M. Fay on brief for appellant. ___________ Sheldon Whitehouse, United States Attorney, and Andrew J. Reich, __________________ ________________ Assistant United States Attorney, on brief for appellee. ____________________ ___________________ Per Curiam. Appellant-defendant Robert R. Girard __________ appeals from his conviction after a jury trial of intimidating and using physical force against a witness in retaliation for past testimony and to prevent future testimony in an official proceeding, in violation of 18 U.S.C. 1512(b) and 1513(b). We affirm the conviction. I. Failure to Grant Continuance to Review Jencks ____________________________________________________ Material "A trial court has wide discretion to grant or ________ deny a request for continuance. 'Only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel' and would amount to an abuse of that discretion." United States v. Brand, 80 F.3d 560, 564 (1st _____________ _____ Cir. 1996)(citation omitted). In determining whether there has been an abuse of discretion, this court should consider "appellants' special reasons, plus relevant factors such as the amount of time needed for effective preparation and the amount actually available, diligence in preparing for trial and whether the defense contributed to its perceived predicament, the likely utility of a continuance, inconvenience to the court, opposing party, and witnesses, and any unfair prejudice caused by the denial." Id. ___ "The Jencks Act by its terms limits disclosure of the disputed information until after a witness' direct testimony. 18 U.S.C. 3500(a). The district court then, 'in its -2- discretion, upon application of [the] defendant, may recess proceedings in the trial for such time as it may determine to be reasonably required for the examination of such statement by said defendant and his preparation for its use in the trial.' 18 U.S.C. 3500(c)." United States v. Arboleda, 929 _____________ ________ F.2d 858, 863(1st Cir. 1991).  Here, appellant contributed to his own predicament by failing to request a continuance prior to cross-examination or at any time during Francisco's testimony. Although defense counsel was given the Jencks material before the start of Francisco's cross-examination, appellant did not request a continuance to review the transcripts until after the government had begun direct examination of its next witness. Moreover, appellant has failed to show "'a particular detriment suffered as a result of delayed disclosure.'" Id. at 864. In light of the considerable __ evidence linking appellant to the assault on Francisco, the court's refusal to grant a continuance -- even if it precluded cross-examination on Francisco's allegedly inconsistent testimony about the color of the car -- did not seriously prejudice the defense. II. Failure to Read Back Testimony ______________________________ "[W]e have long and repeatedly held that rereading testimony during jury deliberations rests in the presider's sound discretion." United States v. Akitoye, 923 F.2d 221, _____________ _______ -3- 226 (1st Cir. 1991). In Akitoye, we ruled that the district _______ court had not abused its discretion in denying the jury's specific request for testimony to be read back. We emphasized that "[t]he trial was brief and the testimony fresh in the jurors' minds, a circumstance which ordinarily lessens the need for rereading." Id. at 226. We also noted ___ that the request was "broad and general -- not 'well focused.'" Id.  ___ The factors supporting the denial of a reread in Akitoye _______ were also present in this case. The trial in the instant case lasted for less than two days. The testimony that the jury sought to review had been given only the day before. Although defense counsel suggested that the jury might want to further focus its request, the jury did not pick up on the suggestion. Nor did defense counsel specifically request that the jury be questioned regarding the particular area of confusion that had led to the transcript request. Moreover, the jury in this case never specifically requested a read back once it was told that the transcript was not available. There was no abuse of discretion. III. Sufficient Evidence of Knowledge ________________________________ Appellant argues that "the prosecution failed to prove 'knowledge' of any degree that the Appellant was aware that Francisco implicated the Appellant in any federal proceeding or that any federal matter was pending." Under 18 U.S.C.  -4- 1512(b), it is unlawful to "knowingly use[] intimidation or physical force [or to threaten] . . . another person, with intent to . . . influence, delay or prevent the testimony of any person in an official proceeding." "[A]n official proceeding need not be pending or about to be instituted at the time of the offense." 18 U.S.C. 1512(e)(1). "Both a federal trial and a federal grand jury investigation are 'official proceedings' within the meaning of the statute." United States v. Frankhauser, 80 F.3d 641, 651 (1st Cir. _____________ ___________ 1996).  "Section 1513(b) requires proof of (1) knowing engagement in conduct; (2) either causing or threatening to cause, bodily injury to another person; (3) with intent to retaliate against any person for, inter alia, providing information relating to the commission of a federal offense." United States v. Paradis, 802 F.2d 553, 562 (1st Cir. 1986). ______________ _______ Therefore, to prove intent to retaliate against a witness, it is necessary to prove knowledge by the defendant that the witness provided information relating to the commission of a federal offense. "On appeal, [this court] review[s] a challenge to the sufficiency of the evidence under a familiar standard. The evidence must be viewed 'in the light most favorable to the government, drawing all legitimate inferences and resolving all credibility determinations in favor of the verdict.' -5- Thus probed, the verdict must be upheld if any rational trier of fact could have found the elements of the offense beyond a reasonable doubt." United States v. Victor, 973 F.2d 975, 977 _____________ ______ (1st Cir. 1992)(citations omitted). In this case, there was sufficient evidence from which the jury could have found beyond a reasonable doubt both that appellant was aware of Francisco's past cooperation with the federal authorities and that appellant at least expected there to be a future federal proceeding. In the context of the evidence as a whole, appellant's statements to Francisco on August 15, 1995, were "direct evidence that [the defendant] in fact expected a grand jury investigation and/or a trial in the foreseeable future, and that his intent was to [prevent the witness from testifying at] such a proceeding or proceedings." Frankhauser, 80 F.3d at 652. Appellant is not ___________ entitled to relief on his insufficiency of the evidence claim. IV. Ineffective Assistance of Counsel _________________________________ "To obtain a reversal on the basis of ineffective assistance of counsel a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the factfinder would have had a reasonable doubt respecting guilt." United States v. Palow, 777 F.2d 52, 57 ______________ _____ (1st Cir. 1985), cert. denied, 475 U.S. 1052 (1986). ______________ Appellant raised the ineffective assistance claim before the -6- district court in his motion for a new trial. The district court ruled that appellant had failed to claim prejudice "other than to say that somehow Mr. Williams' performance fell below the performance one would expect of an attorney under the circumstances." We agree with the district court that appellant has failed to demonstrate prejudice. Accordingly, we need not reach the issue of whether counsel's performance was deficient. A. Failure to Cross-Examine Francisco Regarding ___________________________________________________ Inconsistencies in Testimony on the Color of the Car. There ______________________________________________________ was no prejudice from this failure for the reasons discussed above in connection with the court's failure to grant a continuance. Viewed in the context of the evidence as a whole, the alleged inconsistency does not raise a reasonable doubt that if the jury had been confronted with that inconsistency, it would have acquitted appellant. B. Conflict Between Attorney and Client. Appellant's _____________________________________ second ineffective assistance argument is that the trial court erred in not determining the need for a hearing regarding the breakdown in communication between appellant and his attorney. "Where the accused voices objections to the appointed counsel, the trial court should inquire into the reasons for the dissatisfaction." United States v. Allen, 789 _____________ _____ F.2d 90, 92 (1st Cir. 1986), cert. denied, 479 U.S. 846 _____________ (1986). In this case, however, appellant did not voice any -7- objections to counsel and, therefore, the court was not obliged to make an inquiry into the cause of dissatisfaction. Although appellant never requested a continuance or substitution of counsel, the district court's response to defense counsel's comments at the start of the second day of trial implied that it had found that there was not a "total lack of communication preventing an adequate defense." United ______ States v. Pierce, 60 F.3d 886, 891 (1st Cir. 1995), cert. ______ ______ _____ denied, __ U.S. __, 116 S. Ct. 2580 (1996). That implied ______ finding is supported by the record. Defense counsel hesitated even to characterize the difference of opinion as a disagreement. The transcript of the second day of trial indicates appellant and his attorney were communicating effectively. The district court did not err. C. Failure to Call Kenneth Landry as a Witness. ____________________________________________ "The decision whether to call a particular witness is almost always strategic, requiring a balancing of the benefits and risks of the anticipated testimony." Lema v. ____ United States, 987 F.2d 48, 54 (1st Cir. 1993). Appellant ______________ has failed to show how the failure to call Landry "deprived him of a 'viable defense.'" United States v. Porter, 924 F.2d _____________ ______ 395, 397 (1st Cir. 1991). Testimony by Francisco and Gonzvales that the Subaru was "dark-colored" does not contradict Landry's statement that the car was black. The -8- failure of Francisco and Gonzvales to comment on the noisiness of the Subaru is inconsequential in light of the considerable other evidence linking appellant to the events at Francisco's shop on August 15, 1995. The ineffective assistance of counsel claim fails. For all of the above reasons, appellant's conviction is summarily affirmed. See Loc. R. 27.1.  __________________ ___  -9-