BESOSA, District Judge.
*569 Before the Court is the defendant Byron Montijo-Maysonet ("Montijo")'s motion for reconsideration or clarification of the Court's order precluding him from raising a "mistake of age" defense to the charges brought under 18 U.S.C. section 2422 (" section 2422") and 18 U.S.C. section 2423 (" section 2423"). (Docket No. 130.) For the reasons set forth below, Montijo's motion is granted in part and denied in part . Id.
Montijo's motion is granted as to the section 2422 count, and Montijo may raise a "mistake of age" defense as to that count. Montijo may not, however, raise a "mistake of age" defense to the charges brought under section 2423 for the reasons the Court has previously indicated. (Docket Nos. 98 & 124.)
I. DISCUSSION
As Montijo has observed correctly, the Court's prior written decision precluding Montijo from raising a "mistake of age" defense are in relation only to the charges brought pursuant to section 2423. (Docket No. 124.) The Court reiterates that it will not permit Montijo to raise a "mistake of age" defense as to the section 2423 charges because this defense is legally impermissible. See, e.g., United States v. Guivas-Soto, Crim. No. 14-80, 2015 WL 3439100, at *5, 2015 U.S. Dist. LEXIS 70052, at *13 (D.P.R. May 29, 2015) (Besosa, J.) (observing that "knowledge of the victim's age is not an element of 18 U.S.C. § 2423(a), and therefore mistake as to age is not an available defense.") (citing United States v. Tavares, 705 F.3d 4, 20 (1st Cir. 2013) ).
The United States has, nonetheless, conceded that " 'mistake of age' is an available defense with respect" to section 2422(b). (Docket No. 122 at p. 1.) Indeed, the United States must so concede because proving a defendant's knowledge of the age of the minor victim is an element of a section 2422(b) offense. Accord United States v. Dwinells, 508 F.3d 63, 68 (1st Cir. 2007) (observing that section 2422(b)"requires that a defendant possess the specific intent to persuade, induce, entice, or coerce a minor into committing some illegal activity.") (emphasis added).
Although Montijo may legitimately raise a "mistake of age" defense as to the section 2422 counts, the Court admonishes Montijo that he must do so in strict compliance with the Federal Rules of Evidence. This Court will not permit Montijo to elicit from third-party witnesses any self-serving statements he may have made to them regarding his belief as to the age of the victim. See, e.g., United States v. Palow, 777 F.2d 52, 56 (1st Cir. 1985) ("The requirement of Rule 801(d)(2)(A) that an admission be offered against a party is designed to exclude the introduction of self-serving statements by the party making them.").
IT IS SO ORDERED .