**UNITED STATES of America,
Appellee,**

v.

**James Theodore SWINDLER, Appellant.
No. 13380.**

United States Court of Appeals
Fourth Circuit.

Sept. 16, 1969.

Certiorari Denied Jan. 12, 1970.
See 90 S.Ct. 566.

Klyde Robinson, U. S. Atty., James H. Fowles, Jr., Asst. U. S. Atty., U. S. Court House, Columbia, S. C., for appellant.

J. Lewis Cromer, Columbia, S. C., for appellee.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

Defendant, a real estate developer, was convicted of a violation of 18 U.S.C.A. § 1001 by substituting a property for the one selected by a serviceman prior to his departure for Korea for which the serviceman had executed a contract of sale and certain Veterans' Administration loan application forms in blank prior to his departure. Defendant appealed, and the government has moved for summary affirmance.

Finding the appeal devoid of merit, we grant the motion.

 Defendant complains that the district judge's instruction to the jury to disregard certain evidence which he ruled inadmissible was neither complete nor effective and that defendant should have been granted a mistrial, that the district judge's charge did not adequately instruct the jury as to government's burden of proof and that the evidence at trial was insufficient to support the jury's guilty verdict. Both at the time that he ruled the evidence inadmissible and in his final charge, the district judge clearly and unequivocally told the members of the jury to disregard the evidence and wipe it from their minds. We cannot conclude, on this record, that what he did was ineffective or that he should have done more.

In his charge, the district judge enumerated and discussed each element of the charge alleged in the indictment and twice told the jury that each element must be proved by the government beyond a reasonable doubt before a verdict of guilty might be returned. It is cavil to assert that the charge was inadequate to advise the jury as to the government's burden of proof.

In our view, there was abundant evidence to submit the case to the jury and to support its verdict.

The motion is granted and the judgment is

Affirmed.