**UNITED STATES of America, Appellee,**

**v.**

**Paul Eugene WOODWARD,**
**Jr., Appellant.**

**No. 76–1241.**

United States Court of Appeals,
Fourth Circuit.

Argued July 14, 1976.

Decided Dec. 21, 1976.

Charles G. Bernstein, Baltimore, Md. [court-appointed], for appellant.

Donald H. Feige, Asst. U.S. Atty., Baltimore, Md. (Jervis S. Finney, U.S. Atty., Baltimore, Md., on brief), for appellee.

Before CRAVEN, RUSSELL and WIDENER, Circuit Judges.

PER CURIAM:

The defendant appeals his conviction under a two-count indictment charging him with a violation of § 846, 21 U.S.C. [attempting to manufacture a non-narcotic controlled substance] and of § 841(a)(1) [manufacturing and possession with intent to distribute a non-narcotic controlled substance].

The sole error relied on by the defendant for reversal relates to the refusal of the

4. 222 NLRB No. 148 at 12.

District Court, after a hearing, to suppress evidence seized by the law enforcement officers in the search of a trash can in front of a residence in Annapolis, Maryland and evidence obtained in a search of a residence in Beltsville, Maryland.

The two searches were the products of an extended period of surveillance of the defendant by the law officers who suspected the defendant of manufacturing controlled substances. The defendant, however, was quite adept at foiling the officers' attempt to maintain surveillance of his movements. To assist them in maintaining observation of the defendant, the officers surreptitiously attached a "beeper" to his car. This "beeper" emitted a sound which was received by a helicopter, operating overhead. The operator of the helicopter was thereby enabled to follow the defendant in his car and to communicate with officers in a car on the ground the movements of the defendant, thereby enabling the officers to maintain close surveillance of the defendant. The officers on the ground did not, however, rely entirely on the "beeper" to aid them in maintaining their observance of defendant's movements. They also attempted to keep him under visual observation. It is the defendant's contention, however, that the officers were only able to locate him at the two locations where evidence against him was secured by the use of the "beeper" and not by visual observation. It is his position that the use of such "beeper," without securing a search warrant and without securing the defendant's consent, constituted a search in violation of the Fourth Amendment and that any evidence resulting from the use of such "beeper" should be suppressed.

The difficulty with the position of the defendant is that there was evidence from the officers that in the surveillance of the defendant, which led to the identification of the defendant with the two locations searched, they did not rely on or make use of information supplied by the "beeper." The District Court accepted this information and found that the searches in question were not the result of the use of the "beep-er." We are unable to find such conclusion of the District Court clearly erroneous. It is unnecessary, therefore, for us to consider the constitutional argument so ably advanced by counsel for the defendant.

Accordingly, the conviction of the defendant is

*AFFIRMED.*