798 F.2d 1409
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Claude M. BOYD, Jr., Appellant.
UNITED STATES of America, Appellee,
v.
Wadeus Earl DUNCAN, Appellant.
 Nos. 85-5065.
 United States Court of Appeals, Fourth Circuit.
 Argued July 18, 1986.
Decided Aug. 20, 1986.
 
 Robert White Johnson and Ralph G. Jorgensen, for appellants.
 Kieran J. Shanahan, Assistant United States Attorney (Samuel T. Currin, United States Attorney; John Stuart Bruce and Linda K. Teal, Assistant United States Attorneys on brief), for appellees.
 E.D.N..C.
 AFFIRMED.
 Before RUSSELL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Claude M. Boyd and Wadeus Earl Duncan appeal the judgment of the district court entered on the jury's verdict convicting them of conspiracy to use the mail to defraud, in violation of 18 U.S.C. Sec. 371, destruction of a building by an explosive, and aiding and abetting in destruction of a building by an explosive, in violation of 18 U.S.C. Secs. 844(i) and 2. We affirm.
 
 
 2
 The taped conversation between Boyd and two government agents which took place the day after the fire was properly admitted into evidence against Duncan as a statement of a co conspirator under Fed. R. Evid. 801(d) (2) (E) . There was suf ficient independent evidence that Duncan participated in a conspiracy to defraud the insurance company, a conspiracy that was ongoing at the time the statement was made. See United States v. Xheka, 704 F.2d 974, 984-86 (7th Cir. 1983).
 
 
 3
 Admission of the passing reference to a polygraph examination in the taped conversation was not error. The district judge gave adequate curative instructions. See United States v. Smith, 565 F.2d 292 (4th Cir. 1977). This incident was quite different from the repeated references to a defendant's polygraph test by a police officer that prompted reversal in United States v. Brevard, 739 F.2d 180 (4th Cir. 1984).
 
 
 4
 Although there were four black jurors, the district court did not abuse its discretion in refusing to delete a portion of the tape that contained a single racial epithet. In the tape Boyd suggested that racial tension was a possible explanation for burning the building, and he used the epithet to illustrate his point. The epithet was never repeated or made the subject of comment. Furthermore, as the district court noted, delay of the trial for editing the tape was unwarranted because the defendants had access to the tape for at least several weeks but made no request to have the epithet expunged until the trial.
 
 
 5
 There was no error in the district court's charge to the jury that gasoline may cause an explosion and that the term "explosion" includes the use of uncontained gasoline. See United States v. Lee, 726 F.2d 128, 130-31 (4th Cir. 1984).
 
 
 6
 The district court did not abuse its discretion in admitting the evidence of check kiting between Boyd and Duncan. Under Fed. R. Evid. 404(b), a court may admit evidence of other crimes, wrongs, or acts, if it determines that the evidence is admitted for a purpose other than to prove a defendant's criminal character or propensity to commit the crime charged and the probative value of the evidence outweighs its prejudicial effect. United States V. Smith Grading and Paving, Inc., 760 F.2d 527, 530-31 (4th Cir. 1985). The check kiting evidence was probative of the defendants' financial condition prior to the fire and therefore addressed a motive for defrauding the insurance carrier by the destruction of the store. Its potential prejudicial effect was slight when examined in light of the other evidence against Boyd and Duncan.
 
 
 7
 We find no merit in the other assignments of error.
 
 
 8
 AFFIRMED.