848 F.2d 186
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sherman Lee COBB, Defendant-Appellant.
 No. 87-7197.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 4, 1988.
Decided: May 16, 1988.
 
 Leon Raymond Port (Port & Port; George R. Goltzer; Goltzer & Adler, on brief), for appellant
 William Corley Lucius, Assistant United States Attorney (Vinton D. Lide, United States Attorney, on brief), for appellee.
 Before JAMES DICKSON PHILLIPS and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Sherman Lee Cobb, a/k/a "Shack," brought this habeas corpus petition under 28 U.S.C. Sec. 2255, claiming ineffective assistance of counsel in relation to his conviction for threatening a federal witness in order to influence the witness' testimony in violation of 18 U.S.C. Sec. 1512(a).[1] Because the district court below determined that the record showed conclusively that Cobb was entitled to no relief, the lower court dismissed his petition without a hearing pursuant to Sec. 2255. Cobb appeals, asking this court to remand the action for an evidentiary hearing. We affirm.
 
 I.
 
 2
 On April 18, 1985, Cobb was sentenced to a ten year prison term for threatening a federal witness with the intent to influence his testimony. 18 U.S.C. Sec. 1512(a). The facts developed at trial revealed that one Thomas Seaborn had agreed to testify for the government in United States v. Burnside, 800 F.2d 260 (4th Cir.1986), a twelve defendant, twenty-one count case involving heroin and cocaine trafficking. Cobb was not a witness or a defendant in Burnside.
 
 
 3
 On February 15, 1985, the United States Attorney's office, pursuant to the Jenks Act, 18 U.S.C. Sec. 3500, distributed to the Burnside defendants' attorneys various witnesses' statements, including that made by Seaborn. One of the attorneys in turn released these statements to his client, Thomas Allen Burnside, a Burnside defendant.
 
 
 4
 On February 16, 1985, Cobb approached Seaborn and threatened to "roast" Seaborn's son if Seaborn testified. Cobb showed Seaborn the Jenks Act statements as he spoke.
 
 
 5
 Three attorneys represented Cobb at his trial for threatening Seaborn: Theo Mitchell, Fletcher Smith, and Horace Smith. Cobb presented testimony of four witnesses who stated they were present at the scene of the alleged incident and neither saw nor heard any threat by Cobb directed at Seaborn. Cobb also produced a witness who testified that Seaborn used cocaine the day of the alleged threat.
 
 
 6
 The jury found Cobb guilty of knowingly using and attempting to use intimidation and threats against Seaborn with the intent of influencing Seaborn's testimony in Burnside. The verdict was affirmed on direct appeal. United States v. Cobb, 782 F.2d 1037 (4th Cir.1986).
 
 
 7
 Cobb then filed the habeas petition, claiming ineffective assistance of counsel. Cobb alleged the following deficiencies: 1) that his attorneys failed to address a missing element in the government's case, that even if Cobb threatened Seaborn, he lacked specific intent to influence his testimony; 2) that counsel should have objected to the admission into evidence of Seaborn's plea agreement containing a reference to Seaborn's polygraph exam; 3) that counsel elicited evidence of Cobb's drug dealings on cross-exam; 4) that counsel failed to object to introduction of the preliminary hearing transcript; and 5) that counsel failed to properly object to closing argument comments. Based on the expanded record, the court below found there was no viable Sec. 2255 claim within the meaning of the sixth amendment and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The district court granted the government's motion for summary judgment and dismissed Cobb's habeas petition.
 
 II.
 
 8
 Section 2255 requires that an evidentiary hearing be held on federal habeas petitions "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. Sec. 2255. In Raines v. United States, 423 F.2d 526 (4th Cir.1970), this court listed three means of properly disposing of Sec. 2255 motions: (1) summary dispositions; (2) dispositions on expanded records; and (3) evidentiary hearings. The necessity of a hearing "is best left to the common sense and sound discretion of the district judges ..." Id. at 530.
 
 
 9
 The record before the district court was expanded beyond that before this court on direct appeal to include, in addition to the motion itself, the affidavit of Cobb's current counsel, Cobb's and the government's briefs from the direct appeal, the Fourth Circuit opinion, the government's extensive answer to Cobb's motion, affidavits of the original three counsel, the transcript of the original trial, and the transcript of the post-trial bond hearing. Cobb argues on appeal that this record leaves disputes of material facts regarding his inadequate assistance claim that should be resolved in an evidentiary hearing. In regard to inadequate assistance claims, this court has definitively spoken:
 
 
 10
 Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), establishes the standard by which attorney performance is measured for the purpose of resolving ineffective assistance of counsel claims.... 'Because of the difficulties inherent in making the valuation, a court must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance.' [104 S.Ct. at 2063.] Furthermore, 'any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance....' Id.
 
 
 11
 Roach v. Martin, 757 F.2d 1463, 1476 (4th Cir.1985), cert. denied, 474 U.S. 1039, 106 S.Ct. 645, 88 L.Ed.2d 637 (1986).
 
 
 12
 Thus, this court must decide if the district court erred in finding that, based on the expanded record, Cobb did not satisfy the Strickland criteria requiring both deficiency and prejudice.
 
 III.
 
 13
 Cobb's primary argument is that his attorneys were deficient in attacking a weak element in the government's case. In order to be convicted of threatening a federal witness under Sec. 1512(a), the government had to prove that Cobb made threats with the specific intent to influence Seaborn's testimony in a federal proceeding. Cobb maintains that his counsel failed to realize that the government's proof for the element of specific intent was rather tenuous and that they were deficient in failing to capitalize on this weakness.
 
 
 14
 From the record, however, it is apparent that focusing on this fact would have been inconsistent with counsel's theory of the case. Counsel maintained at trial that the alleged threat never occurred. They concentrated on discrediting Seaborn's testimony. If they had addressed the inadequacy of proof regarding Cobb's attempt, they would have assumed some sort of threat toward Seaborn was made. Cobb argues counsel should have raised the argument in the alternative. However, this too was a tactical decision not to risk prejudicing the jury with an alternative conflicting argument in an attempt to get a dismissal as a matter of law. It is well established that when counsel's actions are largely attributable to trial strategy, it is inappropriate for a reviewing court to second-guess such decisions. Briley v. Bass, 750 F.2d 1238, 1247 (4th Cir.1984), cert. denied, 470 U.S. 1088 (1985).
 
 V.
 
 15
 In addition to his assertion that counsel were deficient in not addressing the evidence of specific intent, Cobb presents four other instances that he claims indicate the inadequacy of his counsel. First, Cobb's attorneys failed to request that Seaborn's promise to take a polygraph be deleted from the plea agreement introduced to the jury. This oversight does not rise to the level of inadequacy described in Strickland. Although references to polygraphs are impermissible, they may be cured by striking the reference and instructing the jury. United States v. Smith, 565 F.2d 292, 295 (4th Cir.1977). When the government read the portion of the plea agreement relating to Seaborn's willingness to take a polygraph test, Cobb's counsel immediately objected, and the trial judge gave limiting instructions to the jury. No polygraph results were ever introduced. Given the narrow breadth of the reference to the polygraph, the attorneys' immediate objection, and their procurement of limiting instructions, counsel were not deficient under Strickland. See United States v. Tedder, 801 F.2d 1437 (4th Cir.1986). In the alternative, Cobb was not prejudiced in light of the lower court's limiting instructions.
 
 
 16
 Second, Cobb points to the fact that his counsel elicited evidence from Seaborn during cross-examination that Cobb was a drug dealer. Again, in light of counsel's theory of the case, this tactic was reasonable. The affidavits of three attorneys indicate they decided to let the jury know of Cobb's drug dealings in order to discredit Seaborn. According to their theory, Seaborn worked for Cobb in some drug deals and Seaborn concocted the threat to implicate Cobb. The evidence of drug dealings linked Seaborn and Cobb. Thus, counsel's cross-examination was not deficient.
 
 
 17
 Third, Cobb argues that his attorneys' failure to object to the introduction of the preliminary hearing transcript was inept. Again, the record before us and before the court below showed the decision to allow the transcript in was a tactical one. Counselor Fletcher Smith, in his affidavit, stated that counsel determined that any objection would give the appearance to the jury that Cobb had information he needed to conceal. The district court did not err in finding counsel's decision to allow the admission of the transcript a reasonable one.
 
 
 18
 Finally, Cobb maintains that his attorneys were deficient in failing to object to the government's "inflammatory, unduly prejudicial" closing argument. Appellant brief at 41. An evidentiary hearing as to the contents of this argument is unnecessary because the closing arguments were part of the record before the lower court. The government addressed reasonable doubt, reviewed the evidence, and discussed Seaborn's lack of motive to fabricate the threat. When the government hypothesized that Cobb obtained the Burnside documents from his relative, a defendant in that case, Cobb's counsel objected to the assumption of facts not in evidence. The closing argument was a fair summation and Cobb's counsel made any necessary objections to its contents.
 
 
 19
 This court finds that for purposes of this petition, the expanded record before the lower court left no material facts in dispute. Based on the standards developed in Strickland, the record shows that Cobb's representation was adequate. The order of the district court granting the government's summary judgment motion and dismissing Cobb's Sec. 2255 motion is
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 18 U.S.C. Sec. 1512. Tampering with a witness, victim, or an informant
 (a) Whoever knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to--
 (1) influence the testimony of any person in an official proceeding;
 (2) cause or induce any person to--
 (A) withhold testimony, or withhold a record, document, or other object, from an official proceeding;
 (B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;
 (C) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or
 (D) be absent from an official proceeding to which such person has been summoned by legal process; or
 (3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings; shall be fined, not more than $250,000 or imprisoned not more than ten years, or both.