**UNITED STATES of America, Appellee,**

v.

**Arnaldo L. RULLAN–RIVERA,
Defendant, Appellant.**

No. 94–1890.

United States Court of Appeals,
First Circuit.

Heard Feb. 8, 1995.

Decided July 21, 1995.

Luis R. Rivera–Gonzalez, San Juan, PR, with whom Joseph C. Laws, Jr., Hato Rey, PR, was on brief, for appellant.

Jose A. Quiles Espinosa, Sr. Litigation Counsel, Hato Rey, PR, with whom Guillermo Gil, U.S. Atty., Washington, DC and Warren Vázquez, Asst. U.S. Atty., Hato Rey, PR, were on brief for appellee.

Before CYR and BOUDIN, Circuit Judges, and BOWNES, Senior Circuit Judge.

CYR, Circuit Judge.

Arnaldo L. Rullan–Rivera ("Rullan") appeals the judgment of conviction entered against him for possessing cocaine with intent to distribute. *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2. As there was no reversible error, we affirm the district court judgment.

---

1. Rullan had supplied Miranda with small amounts of cocaine for personal use in years

## I

### BACKGROUND

The relevant facts are recounted in the light most favorable to the verdict. *United States v. Tuesta–Toro*, 29 F.3d 771, 773 (1st Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 947, 130 L.Ed.2d 890 (1995). Appellant Rullan and Humberto Prada–Cordero ("Prada") enlisted Erasto Miranda–Rodriguez ("Miranda") to transport one kilogram of cocaine from Puerto Rico to the continental United States.[1] On November 10, 1992, Prada, Miranda, Rullan and his wife went to the Luis Munoz Marin International Airport in Carolina, Puerto Rico, where Prada and Miranda were to board a flight to the mainland. After twice triggering the security checkpoint magnetometer alarm, Miranda abandoned his handbag, passport and airline ticket, and fled the checkpoint area rather than risk disclosure of the cocaine concealed on his person.

Shortly thereafter, Miranda surrendered to the police, became a cooperating witness for the government and implicated appellant Rullan, who was arrested and indicted for conspiring to possess cocaine with intent to distribute, *see* 21 U.S.C. § 846, and possessing cocaine with intent to distribute, *see id.* § 841(a)(1); 18 U.S.C. § 2. Rullan filed a pretrial motion to compel disclosure of any prior "bad acts" evidence the government intended to introduce at trial. Although the motion was granted, the government disclosed no Rule 404(b) evidence.

At trial, the court ruled that no Rule 404(b) evidence was to be introduced. The prosecutor accordingly assured the court that Miranda had been instructed not to mention his previous cocaine purchases from Rullan. *See supra* note 1. Nevertheless, on the third day of trial, when the prosecutor asked Miranda whether he had "known Mr. Rullan in relation to [codefendant] Humberto Prada prior to [November 8, 1992]," Miranda blurted out: "No, I was totally surprised. Arnaldo Rullan surprised me because he was my drug dealer."

---

past.

On the following day, codefendant Prada failed to appear for trial. The district court denied Rullan's motion for mistrial, and ordered that the joint trial proceed, with Prada *in absentia.* After the district court allowed a defense motion to dismiss the conspiracy charge, both defendants were convicted on the substantive cocaine charge, and Rullan appealed.

## II

### *DISCUSSION*

#### A. *The Rule 404(b) Evidence*

■ The government does not dispute that Miranda's unexpected reference to Rullan as his former drug dealer constituted prohibited "bad acts" evidence, but simply contends that a mistrial was not necessary to cure any inadvertent harm. For present purposes, therefore, we assume that the challenged testimony violated the prohibition against Rule 404(b) evidence.

■ A ruling denying a motion for mistrial is reviewed for manifest abuse of discretion, *United States v. Romero–Carrion,* 54 F.3d 15, 17 (1st Cir.1995); *United States v. Pierro,* 32 F.3d 611, 617 (1st Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 919, 130 L.Ed.2d 799 (1995), and will be upheld absent a clear showing of prejudice by the defendant-appellant. *United States v. Hahn,* 17 F.3d 502, 508 (1st Cir.1994) (citing *United States v. Sclamo,* 578 F.2d 888, 891 (1st Cir.1978)). Mistrial is a last resort, to be employed only if the demonstrated harm can be cured by no less drastic means, such as a contemporaneous jury instruction. *United States v. Sepulveda,* 15 F.3d 1161, 1184 (1st Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2714, 129 L.Ed.2d 840 (1994).

Miranda testified in Spanish. The problematic portion of the testimony, *see supra* p. 17 ("[Rullan] was my drug dealer"), was never translated into English before Miranda was interrupted in mid-sentence by a defense objection. The official trial transcript of the exchange reads, in full:

Q: Had you known Mr. Rullan in relation to Humberto Prada prior to that day?

A: No, I was totally surprised. Arnold Rullan surprised me—

The trial judge immediately ordered Miranda's response stricken from the record and contemporaneously directed the jury to disregard it.

■ It would be unrealistic, nonetheless, to suggest that the Puerto Rico jury did not hear and understand the entire response given by Miranda in Spanish. Be that as it may, the normal presumption—that juries follow the court's instructions—can be rebutted only on a sufficient showing that the offending testimony reasonably could not have been ignored and that serious prejudice likely resulted. *Id.* at 1185. *See also Greer v. Miller,* 483 U.S. 756, 766 n. 8, 107 S.Ct. 3102, 3109 n. 8, 97 L.Ed.2d 618 (1987) ("We normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions.") (quoting *Richardson v. Marsh,* 481 U.S. 200, 208, 107 S.Ct. 1702, 1708, 95 L.Ed.2d 176 (1987)). Although Rullan points out that a limiting instruction is not always sufficient to insulate against improper evidentiary prejudice, *see, e.g., Bruton v. United States,* 391 U.S. 123, 135, 88 S.Ct. 1620, 1627, 20 L.Ed.2d 476 (1968), mistrial was not required in the instant case.

There was strong evidentiary support for the jury verdict. Miranda testified that Rullan: (1) telephoned Miranda to arrange the first meeting at which the cocaine distribution scheme was discussed; (2) drove Prada to Miranda's apartment for their meetings; (3) relayed drug smuggling messages between Miranda and Prada; (4) removed cocaine from his own car and carried it into Miranda's residence prior to their trip to the airport; (5) accompanied Miranda and Prada to the airport; and (6) discussed with Miranda and Prada their plans for investing the drug profits.

The overwhelming weight of the direct and circumstantial evidence, combined with the firm, contemporaneous instruction, demonstrates to a "high probability" that the inadvertent introduction of the "bad acts" evidence did not contribute to the verdict.

Therefore, the reference to prior drug dealings with Rullan was "harmless." *United States v. Tejeda*, 974 F.2d 210, 215 (1st Cir. 1992) ("nonconstitutional evidentiary error under Rule 404(b) will be treated as harmless if it is 'highly probable' that the error did not contribute to the verdict") (citations omitted).

## B. Sufficiency of the Evidence

■■■■ Rullan could be convicted of aiding and abetting the possession of cocaine, with intent to distribute, *see* 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, only if the government proved beyond a reasonable doubt that he "associated himself with the underlying venture, participated in it as something he wished to bring about, and sought by his actions to make it succeed." *United States v. Clifford*, 979 F.2d 896, 899 (1st Cir.1992) (citing *Nye & Nissen v. United States*, 336 U.S. 613, 619, 69 S.Ct. 766, 770, 93 L.Ed. 919 (1949)). We review the evidence in the light most favorable to the government, indulging all reasonable inferences in its favor, with a view to determining whether a rational jury could have found guilt beyond a reasonable doubt. *Hahn*, 17 F.3d at 506.

■■■ Rullan contends that Miranda's trial testimony was not credible because Miranda had made contrary statements to the grand jury, and he was motivated by the expectation of a reduced sentence. We find this challenge unavailing, since Miranda was impeached, both with his prior inconsistent grand jury testimony and his plea agreement, and the credibility assessment was a matter for the trial jury. *See Sepulveda*, 15 F.3d at 1175; *Hahn*, 17 F.3d at 506. Thus, there was ample credible evidence to establish Rullan's guilt beyond a reasonable doubt. *See supra* p. 18.

## C. Flight by Codefendant

Following an evidentiary hearing, the district court found that Prada voluntarily absented himself from the final two days of trial. Rullan moved for a mistrial, claiming that his codefendant's flight might prompt a jury inference that both defendants were guilty. The district court directed that the trial proceed against both defendants. *See Crosby v. United States*, —— U.S. ——,

——–——, 113 S.Ct. 748, 752–753, 122 L.Ed.2d 25 (1993); Fed.R.Crim.P. 43(b).

Rullan asserts three claims of error. First, he says, the district court mistakenly believed Rullan might avoid retrial on double jeopardy grounds if a mistrial were declared. Second, a limiting instruction could not prevent a jury inference that both defendants were guilty because Prada absconded during trial. Third, the instruction given by the court was "over extensive in content" and prejudicial. We review the two latter claims for manifest abuse of discretion. *Pierro*, 32 F.3d at 617.

■■■ First, Rullan correctly asserts that double jeopardy does not bar retrial where a mistrial is ordered at the request of the defendant. *United States v. Scott*, 437 U.S. 82, 93, 98 S.Ct. 2187, 2195, 57 L.Ed.2d 65 (1978); *United States v. Aguilar–Aranceta*, 957 F.2d 18, 21–22 (1st Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 105, 121 L.Ed.2d 64 (1992). The district court nonetheless correctly predicated its denial of Rullan's motion for mistrial on the ground that Prada's voluntary failure to appear, in and of itself, did not *necessarily* mean that the *joint* trial could not proceed *with Prada in absentia*. *See Crosby*, —— U.S. at ——, 113 S.Ct. at 752 (treating voluntary failure to appear, after trial begins, as waiver of right to be tried in person); Fed.R.Crim.P. 43(b).

■■■ On the other hand, treating the motion for mistrial as a *de facto* motion for severance by a non-absconding codefendant, *see* Fed.R.Crim.P. 14, we review its denial under the "plain error" standard, since severance was never broached before the district court. *See United States v. Palow*, 777 F.2d 52, 54 (1st Cir.1985), *cert. denied*, 475 U.S. 1052, 106 S.Ct. 1277, 89 L.Ed.2d 585 (1986). Viewed in this light, Rullan's motion rests exclusively on the conclusory assertion that the jury could have inferred that he was guilty because his *codefendant* absconded. We see no compelling rational force in the suggestion that Rullan, who did not flee, must have been tainted with the same brush as the absconding Prada.

■■■ Moreover, Rullan's conclusory claim runs counter to the longstanding presumption that jurors normally follow the instruc-

tions given them by the trial court. *See United States v. Olano,* —— U.S. ——, ——, 113 S.Ct. 1770, 1781, 123 L.Ed.2d 508 (1993). The district court firmly instructed the jury that Prada's disappearance was immaterial to the verdict on Rullan. The record further reflects that the jury understood.

THE COURT: The absence of defendant Prada from trial is no way attributable [sic] to the other defendant on trial. And may not be considered by you in determining the guilt or innocence of defendant Rullan. You may use this only as to defendant Prada itself. [sic] Is that clear? Let the record show that the jury has assented.

We therefore reject the conclusory contention that no jury instruction could protect Rullan against an inference of guilt arising from his codefendant's voluntary flight. *See United States v. Phibbs,* 999 F.2d 1053, 1067 (6th Cir.1993) (any adverse effect upon non-fleeing defendant neutralized by "a cautionary instruction that each defendant's case was to be considered separately and, further, that [codefendant's] flight could not be used as evidence against anyone but him"), *cert. denied,* —— U.S. ——, 114 S.Ct. 1071, 127 L.Ed.2d 389 (1994); *cf. United States v. Wright,* 932 F.2d 868, 877 (10th Cir.) (upholding denial of severance, in part because trial court twice instructed jury that "it should not construe the absence of [codefendant] as evidence of guilt of either [the defendant or the codefendant]"), *cert. denied,* 502 U.S. 972, 112 S.Ct. 450, 116 L.Ed.2d 467 (1991).[2]

## III

### CONCLUSION

As there was no reversible error, the district court judgment is *affirmed.*

---

2. Rullan also challenges, as too extensive and prejudicial, the very language he asked the district court to use in the jury instruction relating to Prada's disappearance. But even assuming the instruction had not been invited, the claim of error is groundless. There was no error in the instruction, let alone "plain error." *See Palow,* 777 F.2d at 54.

Lastly, at oral argument Rullan withdrew his so-called "ineffective assistance of counsel" claim. *See Sainz Gonzalez v. Banco de Santander–Puerto Rico,* 932 F.2d 999, 1000 n. 1 (1st Cir.1991); *Bunol v. George Engine Co.,* 996 F.2d 67, 70 (5th Cir.1993).