USCA1 Opinion

 

 April 12, 1996 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 95-2130 UNITED STATES OF AMERICA, Appellee, v. HUMBERTO PRADA CORDERO, Defendant, Appellant. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [HON. HECTOR M. LAFFITTE, U.S. DISTRICT JUDGE] ___________________ _________________________ Before Selya, Circuit Judge, _____________ Aldrich, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ _________________________ Ramon Garcia on brief for appellant. ____________ Guillermo Gil, United States Attorney, Jos A. Quiles- _____________ _________________ Espinosa, Senior Litigation Counsel, and Warren V zquez, ________ _______________ Assistant United States Attorney, on brief for the United States. _________________________ _________________________ Per Curiam. A petit jury found defendant-appellant Per Curiam. ___________ Humberto Prada Cordero (Prada) guilty, in absentia,1 of aiding __ ________ and abetting the possession, with intent to deliver, of just under one kilogram of cocaine. The district court imposed a lengthy incarcerative sentence. Prada appeals. We summarily affirm. I I A criminal defendant who essays a claim of evidentiary insufficiency must scramble across rocky terrain. As long as the proof presented, taken in the light most amiable to the verdict, suffices to allow a rational jury to find each essential element of the offense of conviction beyond a reasonable doubt, the claim fails. See United States v. Olbres, 61 F.3d 967, 970 (1st Cir.), ___ _____________ ______ cert. denied, 116 S.Ct. 522 (1995); United States v. Gifford, 17 _____ ______ _____________ _______ F.3d 462, 467 (1st Cir. 1994). In other words, if the aggregate evidence, examined in the required light, justifies a judgment of conviction, "it need not rule out other hypotheses more congenial to a finding of innocence." Gifford, 17 F.3d at 467. _______ In applying these criteria, all the evidence, direct and circumstantial, must be viewed from the government's perspective, and the viewer must credit all reasonable inferences consistent with the verdict. See United States v. Taylor, 54 ___ _____________ ______ F.3d 967, 974 (1st Cir. 1995); United States v. O'Brien, 14 F.3d _____________ _______ 703, 706 (1st Cir. 1994). Phrased another way, "the trial judge  ____________________ 1The appellant fled midway through his trial. The trial continued in his absence. On appeal, he does not challenge the district court's decision to proceed. 3 must resolve all evidentiary conflicts and credibility questions in the prosecution's favor; and, moreover, as among competing inferences, two or more of which are plausible, the judge must choose the inference that best fits the prosecution's theory of guilt." Olbres, 61 F.3d at 970. ______ The appellant's insufficiency claim cannot pass muster under these straightforward rules. An overview of the crime is set forth in United States v. Rullan-Rivera, 60 F.3d 16 (1st Cir. _____________ _____________ 1995), in which we affirmed the conviction of one of Prada's codefendants. The record on appeal makes pellucid that the appellant, at a bare minimum, recruited Erasto Miranda-Rodriguez (Miranda) as a courier, and determined the amount to be paid to this somewhat reluctant dragon for his services in the smuggle. All incoming calls from Miranda were routed to Prada and, when the day arrived on which the cocaine was to be transported to the mainland, Prada personally delivered it to Miranda, urged him on, and accompanied him to the airport. This, and other, evidence, if credited by the jury as it plainly was left no reasonable doubt but that the appellant associated himself with the overall venture, participated in it as an enterprise he wished to bring to fruition, and endeavored by his actions to make it succeed. No more is exigible to sustain a conviction for aiding and abetting. See Nye & Nissen v. United States, 336 U.S. 613, 619 ___ _____________ _____________ (1949); see also 18 U.S.C. 2. ___ ____ II II The appellant also challenges the district court's 4 calculation of the guideline sentencing range (GSR) in two respects. Both sorties are unavailing. 1. The appellant claims that he was not a principal participant in the offense of conviction, and that the lower court erred in designating him as a "manager" or "supervisor" and increasing his offense level accordingly. See U.S.S.G. ___ 3B1.1(c). We discern no error. Absent a mistake of law and we see none here we review a district court's factual findings concerning a defendant's role in the offense for clear error. See United ___ ______ States v. Akitoye, 923 F.2d 221, 227 (1st Cir. 1991); United ______ _______ ______ States v. Ocasio, 914 F.2d 330, 333 (1st Cir. 1990). Although ______ ______ this is not an insurmountable barrier, it is nevertheless a daunting one. Debates over a defendant's role in the offense are fact-based and, therefore, "will almost always be won or lost in the district court." United States v. Graciani, 61 F.3d 70, 75 _____________ ________ (1st Cir. 1995). There is no justification for a different result here. We will not belabor the obvious. See, e.g., United ___ ____ ______ States v. Ruiz-Garcia, 886 F.2d 474, 477 (1st Cir. 1989) ______ ___________ (warning, in a sentencing appeal, that an appellate court should not "wast[e] overtaxed judicial resources razing castles in the air"). In determining whether the government satisfied its burden of proving the appellant's liability for a two level role- in-the-offense adjustment, the sentencing court was not obligated to accept the appellant's self-interested account of his 5 involvement as a mere courier. See United States v. Paz-Uribe, ___ _____________ _________ 891 F.2d 396, 399 (1st Cir.), cert. denied, 495 U.S. 951 (1990). _____ ______ The record strongly suggests that, in this case, the appellant was Miranda's immediate supervisor: he persuaded him to undertake the journey, authorized his compensation, brought him the contraband, urged him to go forward, accompanied him to the airport, and, presumably based on the appellant's own (nearly identical) itinerary and tickets planned personally to oversee the contraband's safe arrival.2 These facts adequately support the district court's assessment of the appellant's role in the offense. See, e.g., Akitoye, 923 F.2d at 227; United States v. ___ ____ _______ ______________ Diaz-Villafane, 874 F.2d 43, 48-49 (1st Cir.), cert. denied, 493 ______________ _____ ______ U.S. 862 (1989). 2. The appellant also assails the district court for refusing to grant a downward adjustment for acceptance of responsibility. See U.S.S.G. 3E1.1. This is merely sound and ___ fury, signifying little. The appellant steadfastly denied his guilt, fled in mid-trial when matters did not go well, and continued to minimize his involvement in the affair up to (and including) the time of sentencing. Thus, the district court had a plausible basis for concluding that the appellant had not forthrightly accepted responsibility. We need go no further. As we wrote on an earlier  ____________________ 2The appellant and Miranda were both scheduled to take Delta Flight No. 189 from Carolina, Puerto Rico, to Atlanta, Georgia. Their tickets had been purchased simultaneously at the same travel agency. 6 occasion, "[t]he guidelines do not require a sentencing judge to play the ostrich, burying his head in the sand, struthiously accepting every allocution at face value, and ignoring the stark reality of events." United States v. Royer, 895 F.2d 28, 30 (1st _____________ _____ Cir. 1990). The discount for acceptance of responsibility is not automatic; achieving it "necessitates candor and authentic remorse not merely a pat recital of the vocabulary of contrition." Id. The district court's finding that the ___ appellant did not meet this standard easily survives clear-error review. Affirmed. See 1st Cir. R.27.1. Affirmed. See 1st Cir. R.27.1. ______________________________ 7